**Richard Lee CUSHING et al.,
Plaintiffs,**

v.

**Robert B. DOCKING, in his official capacity as Governor of the State of Kansas, et al., Defendants.**

**Civ. A. No. T-5267.**

United States District Court,
D. Kansas.

July 9, 1973.

Robert D. Hecht, William E. Enright, Topeka, Kan., for plaintiffs.

Vern Miller, Atty. Gen., Curt Schneider, Asst. Atty. Gen., Topeka, Kan., for defendants Robert Docking & Vern Miller.

Gene M. Olander, Dist. Atty., Shawnee County, Kan., Lawrence P. Ireland, Asst. Dist. Atty., Topeka, Kan., for Gene M. Olander, Dist. Atty. and F. T. Jim Chaffee, Sheriff, Shawnee County, defendant.

Dan Turner, City Atty., Robert Huffman, Asst. City Atty., for Dana Hummer, Chief of Police, Topeka, Kan., defendant.

Before HILL, Circuit Judge, and TEMPLAR and THEIS, District Judges.

## PER CURIAM OPINION AND ORDER

PER CURIAM.

Plaintiffs are, or were, employees of a Topeka bookstore and theatre which specialized in "Adult" entertainment. Early in 1973, plaintiffs were arrested numerous times for promoting obscenity in violation of K.S.A. § 21–4301 (Supp. 1972). On January 10, 1973, they filed this complaint stating the defendants' enforcement of the state statute was depriving them of rights secured by the United States Constitution, and further alleging that the methods employed by defendants in enforcing the invalid statute were illegal and the only purpose for enforcement was to harass and intimidate them. Plaintiffs seek a declaratory judgment that K.S.A. § 21–4301 (Supp. 1972) is unconstitutional and an injunction enjoining defendants from enforcing the statute. Jurisdiction is stated to exist under 28 U.S.C. § 1343. After an initial hearing before Judge Templar, a three-judge court was ordered convened. The parties then entered into a stipulation of facts and on March 9, 1973, the Court heard legal arguments.

The parties have stipulated that there are criminal prosecutions presently pending before the District Court of Shawnee County, Kansas, against each of the plaintiffs.[1] Since an award of either in-

1. The parties have stipulated that the following cases have been filed against plaintiffs in the District Court of Shawnee County, Kansas, charging them with promoting obscenity:
    Case No. 28744—against Plaintiff Moffatt (8 counts).

junctive or declaratory relief would perforce interfere with these proceedings, the Court must evaluate plaintiffs' evidence in light of the principles of equity and federalism expressed in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971), and companion cases. In those cases, the Supreme Court determined that neither a federal injunction or a declaratory judgment which would necessarily interfere with pending state prosecutions would be forthcoming absent a showing of "great and immediate irreparable harm."

■ Here, plaintiffs assert the statute under which they are to be prosecuted is unconstitutional and, further, the manner in which it is being enforced is also unconstitutional. Pendency of a prosecution is not alone sufficient to demonstrate great and immediate irreparable harm, even though the statute is alleged to be unconstitutional. Only if the threat to plaintiffs' federally protected rights cannot be eliminated by their defense to the criminal charge can this Court enjoin further proceedings or declare the statute unconstitutional. Younger v. Harris, supra, at p. 46, 91 S.Ct. at p. 751. There is no evidence to indicate these prosecutions were commenced in bad faith with no hope of obtaining a conviction and for the single purpose of harassing plaintiffs in the exercise of their constitutional rights. The evidence discloses no threat of injury beyond that attendant to every criminal proceeding brought lawfully and in good faith. Therefore, under the equitable principles set forth in Younger and its progeny, plaintiffs are not entitled to either an injunction or a declaratory judgment.

■ Nor are plaintiffs entitled to any relief based on their assertion that the statute is unconstitutional because it is vague and overbroad. Admittedly

prior to the decision in Younger a declaratory judgment was obtainable in the federal court based on an assertion that the statute exerted a "chilling effect" on the exercise of First Amendment rights because it was vague, overbroad, or both, despite the pendency of a state prosecution. The same was generally true of injunctive relief. See generally, Note, Federal Intervention: Younger v. Harris, 67 Nw.U.L.Rev. 80 (1972). In Younger, and companion cases, the Supreme Court laid to rest any notion that an injunction or a declaratory judgment could be based on an allegation that a statute was unconstitutional "on its face" due to vagueness or overbreadth. Absent a demonstration of the kind of great and immediate irreparable harm required by Younger, neither an injunction or declaratory judgment is available. If plaintiffs were able to convince the Court that the statute was flagrantly and patently unconstitutional in every clause, sentence and paragraph, then the requirement of showing irreparable harm would be met. Plaintiffs, however, have undertaken no such demonstration. Likewise, as previously noted, the criminal cases against these plaintiffs are proceeding in a normal course and without delay in the State District Court of Shawnee County, Kansas, where, as this Court said in the similar three-judge case of Las Vegas Cinema, Inc. v. Docking, et al., decided February 27, 1973, "the same issues are or can be raised, the state court has the same solemn obligation to pass on federal constitutional issues, and appeal rights exist on such issues to the United States Supreme Court."

Accordingly, the Court concludes plaintiffs have failed to sustain their burden of showing that they will suffer "great and immediate irreparable harm" if required to defend in the state court proceedings, and under the principles of

Case No. 28745—against Plaintiff Cushing (14 counts).
Case No. 28746—against Plaintiff Carey (11 counts).

Case No. 28747—against Plaintiff Garrett (17 counts).
Each case was filed March 2, 1973, and each is presently scheduled for trial on July 30, 1973.

the *Younger* case and our decision in *Las Vegas Cinema, Inc.*, supra, this is a proper case for invocation of the abstention doctrine, and this action must be dismissed. We might add that since this case has been under advisement, the Supreme Court of the United States, in a series of five contemporaneous and significant decisions, has reversed its former standards for judging pornography, and stated that the judgment as to pornography is appropriately a function for the courts of the community in which the material is sought to be distributed. See Miller v. California, —— U.S. ——, 93 S.Ct. 2607, 37 L.Ed.2d 419; Paris Adult Theatre I v. Slaton, —— U.S. ——, 93 S.Ct. 2628, 37 L.Ed.2d 446; United States v. Orito, —— U.S. ——, 93 S.Ct. 2674, 37 L.Ed.2d 513; Kaplan v. California, —— U.S. ——, 93 S.Ct. 2680, 37 L.Ed.2d 492; United States v. 12 200-Ft. Reels of Super 8MM Film, —— U.S. ——, 93 S.Ct. 2665, 37 L.Ed.2d 500, all decided June 20, 1973.

It is therefore ordered that this action be, and the same is hereby, dismissed.